CONSUMERS' LIGNITE CO. v. CAMERON.†

(Court of Civil Appeals of Texas. Jan. 14, 1911. Rehearing Denied Feb. 11, 1911.)

1. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for injury to a miner, a requested instruction that the servant assumed the risks of which he had actual knowledge and of such hazards as he would have learned by ordinary inspection, and cannot shut his eyes to dangers obvious to an ordinary man, or to an experienced man, if he is experienced, was properly refused because the rule as to assuming risks is the same whether the servant is an ordinary or an experienced man, and the stress laid in the requested charge on the difference between such men made it a charge on the weight of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 466; Dec. Dig. § 194.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

In an action by a miner for injury caused by a car jumping the track, it was not error to refuse an instruction requested by defendant that the mere fact that the car left the main track and went into the switch track does not raise any presumption of negligence on the part of the defendant, where there was sufficient testimony to show that the car that caus-

ed the injury jumped the track by reason of a defective switch.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. MASTER AND SERVANT (§ 296*)—INJURY TO SERVANT—MINERS—INSTRUCTIONS TO JURY.

In an action by a miner for injuries caused by a car jumping the track, a charge on behalf of the plaintiff that although defendant had a rule requiring employés to stand back when a trip of cars was passing on the main line, yet, if the plaintiff did not know the rule, he would not be bound thereby, and would not be precluded from recovery by negligence of the defendant, if any, in the particulars "charged in the petition," unless an ordinarily prudent man, under such circumstances, would have stood back, was not in conflict with the court's main charge, wherein the jury were .told not to consider two grounds of negligence, charged in the petition, for lack of evidence to support them, as the charge under consideration did not relate to either of the matters excluded by the court's main charge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

4. MASTER AND SERVANT (§ 201*)—INJURY TO SERVANT—FELLOW SERVANTS.

Where the negligence of the master concurs with the negligence of a servant, the master is liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*]

5. TRIAL (§ 260*) — INJURY TO SERVANT—MINERS—INSTRUCTIONS TO JURY.

In an action by a miner for injuries caused by a car jumping the track, it was not error to refuse an instruction for defendant that a servant who is experienced and has the capacity and opportunity to appreciate the dangers, and who without protest voluntarily remains in the service of the employer and attempts to work at the place furnished, or to use the appliances furnished to do such work, assumes the risk, where the court in his main charge told the jury that if they found that the cars frequently left the main track and ran in upon the switches, and the plaintiff knew of such frequent occurrences or ought to have known of them, he assumed the risk, as the charge given was more favorable to the defendant in that it did not require that plaintiff should appreciate the dangers in order to assume the risk.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 260*) — INSTRUCTIONS—INSTRUCTIONS ELSEWHERE GIVEN.

In an action for injuries to a servant, it was not error to refuse requested instructions where the point was sufficiently covered in the main charge of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action by Malcolm Cameron against the Consumers' Lignite Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Walter F. Seay and Harris, Suiter & Britton, for appellant. Jones & Jones, for appellee.

RAINEY, C. J. This action was brought by the appellee to recover of appellant damages for personal injuries sustained by him while in appellant's employ as a miner. Appellant answered by general denial, assumed risk and contributory negligence, and that appellee's injury was caused by the negligence of fellow servants. A trial resulted in a verdict and judgment for appellee for $1,090, and appellant appeals.

Appellee was at work·in a room in a mine, and was injured by reason of a car running off the track at a defectively constructed switch which caused another car to strike appellee and injure him. At the time appellee was working by the order of his foreman in a room ·in the mine. A main line of track runs down a hallway of the mine and from said main line switches lead off of said main line into rooms on either side, where the miners work. Small cars are operated on these tracks to convey coal from these rooms as it is dug. These cars are pulled by mules. The track where the car jumped the main track was negligently constructed, of which appellant had notice. Appellee had been working as a miner for appellant about 2½ years, and, while an experienced miner, he had worked but little on the tracks. He knew that the general construction of the track was bad, but did not know of this defective switch, which had not been put in very long. It was dark in the mine, the miners having to wear on their heads lights with which to see how to work; the light worn by the trackmen being larger than that used by the coal diggers. Appellee had never ·inspected the track and learned of its defective construction after he was injured.

Appellant complains of the action of the court in refusing to give the following requested charge, viz.: "The servant assumes the risk of the danger of which he has actual knowledge, and of such hazards as he would have learned by the exercise of that ordinary circumspection which a prudent man would have used in the particular employment. He is under no obligation to look out for master's negligence, but he cannot shut his eyes to dangers that are obvious to an ordinary man, or to an experienced man, if he be experienced." The proposition submitted is: "Where the evidence shows that the injured employé is an experienced man in the business in which he is engaged at the time of the injury, the defendant is entitled to a charge that the servant assumes, not only such risks that are obvious to an ordinary man, but that are obvious to an experienced man." The issue of assumed risk was presented to the jury by the court in the main charge.

The evidence does not show that appellee was especially experienced in the construction of tracks. He was an experienced coal digger. He had never been a trackman, and never did any track work, except "mere-

ly as a helper." Never knew of a car taking the switch as the one which hurt him, prior to the accident. Did not know of the defective switch and could not tell the switches were in bad condition by walking over them. The court's charge was sufficiently full upon the question of assumed risk. Besides, the rule of law as to assumed risk is the same as to an ordinary man and an experienced man. If he knows the danger or must or would have learned of it by the exercise of that ordinary circumspection which an ordinarily prudent person would use in the particular employment, then he assumes the risk. Of course, an experienced man knows, or has a better opportunity of knowing, the dangers in the particular employment than an ordinary man, but both are chargeable with what they know or ought to know, and for the court to lay stress in his charge as to any difference between the two as a matter of law, would, in our opinion, be upon the weight of evidence..

The second assignment is: "The court erred in refusing defendant's instruction No. 25, which is as follows: 'You are instructed that the mere fact that the car left the main track and went into the switch track does not raise any presumption of negligence on the part of the defendant.'" The evidence did not call for this charge, there being sufficient testimony to show that the car that caused the injury jumped the track by reason of a defective construction of the switch.

The third assignment is: "The court erred in giving special instruction No. 1, requested by the plaintiff, which said special instruction is as follows: 'Although you may find that the defendant has promulgated a rule requiring employés to stand back out of danger when a trip of cars was passing on the main line, yet if you find that plaintiff did not know of said rule, he would not be bound thereby, and if he failed to stand back when a trip of cars was passing on the main line he would not be precluded from recovering for an injury sustained by him by reason of the negligence, if any, of defendant in the particulars charged in his petition, unless you find that an ordinarily prudent person would under the same or similar circumstances have stood back out of danger when a trip of cars was passing on the main line.'" It is contended that this charge conflicts with the court's main charge, wherein the jury were told not to consider two grounds of negligence alleged in the petition for the reason that there was no evidence to support them. The special charge under consideration did not relate to either of the matters excluded by the court's main charge, and we are unable to see wherein the conflict exists, or if so, how it could have, in any way, affected the result.

The fourth, fifth, sixth, seventh, and eighth assignments of error relate to the refusal of the court to charge on the law of fellow servants. The evidence fails to raise the issue of injury caused by the negligence of fellow servants. But if it be shown that the servants were negligent, the fact remains that the proximate cause of the injury was the car jumping the switch, which was occasioned by the negligence of appellant in permitting the existence of a defectively constructed switch. Where the negligence of the master concurs with the negligence of the servant, we think the well-settled law is that the master is liable for the consequences resulting from such negligence. Railway Co. v. Jackson, 93 Tex. 262, 54 S. W. 1023; Railway Co. v. Bonatz, 48 S. W. 767; Suderman v. Woodruff, 47 Tex. Civ. App. 229, 105 S. W. 217.

The court refused a charge requested by appellant, that involved the following principle: "A servant who is experienced, has the capacity and opportunity to appreciate the dangers, and who without protest voluntarily remains in the service of the employer and attempts to work at the place furnished, or to use the appliances furnished to do such work, assumes the risk of injury and cannot recover for an injury resulting therefrom." This forms the basis for the ninth assignment of error. The principle embraced in said assignment was submitted by the court in the main charge as follows: "If you shall find that cars frequently left the main track and ran in upon the switches in defendant's mine, then if plaintiff knew of such frequent occurrences, if any, or would have necessarily learned of same in the ordinary discharge of his own duty, then he assumed the risk of being thus injured, and if you find the manner in which the car in question left the main track, if it did, was one of frequent occurrence, and the likelihood of it doing so, if it did, was known or must necessarily have been known to plaintiff in the ordinary discharge of his duties, then he assumed the risk of being thus injured, and he cannot recover." The court's charge was more favorable to the appellant than the one requested, as it did not require that appellee should appreciate the dangers in order to assume the risk.

The tenth assignment of error complains of the refusal of the court to instruct the jury to the effect that plaintiff could not recover for the rupture prior to the accident, but could only look to the increased injury by reason of the aggravation of the same. This point was sufficiently covered by the main charge of the court and there was no error in refusing the requested charge.

The eleventh, twelfth, thirteenth, and fourteenth assignments of error bear upon the same question; that is, that appellee was not working at the place assigned him. This issue was raised by the evidence, but we think the court in its general charge fairly presented the same, and appellant was not injured by the refusal to give such special instructions.

The fifteenth assignment of error is: "The court erred in its charge to the jury in paragraph 8 of said charge: 'If you find that said plaintiff had been instructed to work at another place in the mine, and that he, without knowledge or consent of the defendant or his agents having charge and control of the mine, went to work at the place where he claims to have been injured, then he assumed the risk of being injured by some defective condition, if any, of the track and switch, and cannot recover, but if the plaintiff was given the privilege of working at either of two places, and he was working at one of these places when he claims to have been injured; or if he was instructed to work at another place, yet if the agent of the defendant in charge of defendant's mine knew plaintiff was at work where he claims to have been injured, then he did not assume such risk, unless the defect, if any, was open and patent and was known to the plaintiff or must necessarily have been known had he used that circumspection which an ordinarily prudent person would have exercised in the same employment.'" The effect of the objection to this charge is that if appellee was working at a place different from where he was instructed to work, there is no evidence showing that knowledge thereof was brought home to any one standing in the place of the master. We do not concur in this contention, but think the evidence was such as to raise the issue of such knowledge and authorized the instruction given.

Appellant claims that the judgment is not supported by the evidence. We are of the opinion that the evidence fully warranted the judgment rendered.

Other assignments of error not here discussed are presented, but none warrant a reversal, and the judgment is affirmed.

Affirmed.